

# THE ATTORNEY GENERAL

# OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

November 12, 1957

Honorable Raymond W. Vowell
Acting Executive Director
Texas State Hospitals and
   Special Schools
Austin, Texas

Dear Mr. Vowell:

Opinion No. WW-318

Re: Interpretation of the In-
ter-agency Cooperation Act
with respect to a contract
between State Agencies con-
cerning leasing of houses.

You have requested an opinion from this office concern-
ing the following question:

Is the Legion Branch of the San Antonio
State Tuberculosis Hospital authorized under
Article 4413 (32), V.C.S. to enter into a
contract with the Kerrville State Home for the
leasing of two houses for the Clinical Direct-
or and Business Manager employed by the Legion
Tuberculosis Hospital?

Your opinion request deals with the problem of the
authority of one State Agency to enter into a contract with
another State Agency as authorized by Article 4413 (32),
Vernon's Civil Statutes.

Section 3 of the Act provides in part as follows:

"Any State agency may enter into and
perform a written agreement or contract with
other agencies of the State for furnishing
necessary and authorized special or technical
services, including the services of employees,
the services of materials, or the services of
equipment. . . ."

On August 31, 1955, a contract was entered into between
the Kerrville State Home and the Legion Branch of the San Antonio
State Tuberculosis Hospital and subsequently approved by the
Board of Control whereby the Kerrville State Home proposed to
lease to the Legion Branch of the San Antonio State Tuberculosis
Hospital two (2) houses for the sum of $125.00 each per month.

The Comptroller of Public Accounts refused to honor the
vouchers for payment of the house rent on grounds that this type

of expense was not covered by the Inter-agency Bill.

The Appropriation Bill for the Legion Branch Tuberculosis Hospital for 1955 did not provide that the Clinical Director and Business Manager be furnished a house and utilities so, therefore, the Comptroller was correct in disallowing voucher for the payment of rent of the two houses.

The 55th Legislature, Regular Session, 1957, appropriated to the Legion Branch Tuberculosis Hospital funds for the employment of a Clinical Director and a Business Manager and that appropriation further provided that the Clinical Director and Business Manager be furnished with a house and utilities.  In view of the Appropriation Bill passed by the 55th Legislature, it is clear that the Legislature intended that the Clinical Director and Business Manager be furnished a house and utilities.

The purpose of the Inter-agency Cooperation Act, as set out above, was to allow the different State agencies to enter into contracts with each other so that the several agencies could contract with each other for special or technical services, including the services of employees, the services of materials, or the services of equipment.  The language in the Inter-agency Cooperation Act is broad enough to include the leasing of houses by one State agency to another State agency.  The Legislature, in its Appropriation Bill, provided that certain class of personnel be given houses with utilities and since there were no houses on the Legion's ground, then the Legion Branch Tuberculosis Hospital can contract with another State agency to provide houses for certain employees.

Therefore, it is the opinion of this office that a contract entered into by the Kerrville State Home and the Legion Branch Tuberculosis Hospital for the leasing of two houses is such a contract that can be entered into by two State agencies as authorized by Article 4413 (32), Vernon's Civil Statutes.


S U M M A R Y


A State Agency, under the stated facts,
can contract with another for the leas-
ing of houses for its personnel where

the Legislature provides that cer-
tain personnel be furnished a house
and utilities.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Linward Shivers
Linward Shivers
Assistant

LS:wam:zt

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

Mary K. Wall
B. H. Timmins, Jr.
John Webster
Galloway Calhoun, Jr.
L. P. Lollar

REVIEWED FOR THE ATTORNEY GENERAL

BY:  James N. Ludlum